HUGH McLEOD vs. SOUTH DEERFIELD WATER SUPPLY
DISTRICT.

CHARLES S. SHATTUCK vs. SAME.

SETH W. KINGSLEY vs. SAME.

Franklin.    September 18, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Water Supply. South Deerfield Water Supply Company. Statute,* Construction.
*Practice, Civil,* Exceptions.

By St. 1902, c. 486, which established the South Deerfield Water Supply District,
the South Deerfield Water Supply Company was authorized to " take by pur-
chase or otherwise and hold the waters of Roaring Brook and of any or all of
its tributaries in the towns of Deerfield and Whately, except that part of said
brook and tributaries which lies west of and above the main road leading from
Conway village to West Whately ; and the waters of any springs or other
sources on the watershed of said brook, with the water rights connected there-
with, except that part which lies west of and above the main road leading from
Conway village to West Whately." By the same statute the company was au-
thorized to take lands and easements in the towns of Deerfield and Whately and
construct thereon the dams and other structures and lay and maintain the aque-
ducts necessary for providing and maintaining complete and effective water
works. The watershed of Roaring Brook east of the road mentioned in the
statute was largely outside of the towns of Deerfield and Whately. The com-
pany took in the manner provided by the statute all the waters of Roaring
Brook and its tributaries east of the road mentioned in the statute which it was
authorized to take by the statute, and afterwards refused to pay damages for
the taking of waters in the town of Hatfield on the ground that it had the right
to take only that part of the waters of Roaring Brook and its tributaries lying
within the towns of Deerfield and Whately. *Held,* on a petition for the dam-
ages thus refused, that the company was authorized to take all the waters of
Roaring Brook and its tributaries east of the road mentioned in the statute out-
side the towns of Deerfield and Whately as well as within them, although the
authority to take lands and easements for the construction of such dams, reser-
voirs and other works as might be necessary was confined to the towns of
Deerfield and Whately.

Exceptions not argued are treated as waived.

THREE PETITIONS, the first two filed on September 23, 1904,
and the third filed on October 26, 1904, for the assessment of
damages sustained by the petitioners to their lands in Hatfield
by the taking of water by the respondent under the provisions
of St. 1902, c. 486.

In the Superior Court the cases were heard by *Pierce*, J. The petitioners severally owned rights to the use of water power upon Mill River in Hatfield, and the respondent took by virtue of the statute such water as under the statute and a certificate filed by it in the registry of deeds it was entitled to take. The provisions of the statute are printed on page 8. The description in the certificate of taking was as follows: " as authorized by said act, all the waters 'of Roaring Brook and its tributaries as aforesaid above the point of taking, which is the point on said Roaring Brook where the dam is now being constructed, and extending from that point up said brook to the west side of the main road leading from Conway village to West Whately." It appeared that in the watershed of Roaring Brook above the dam of the respondent there were four and eighty-eight one hundredths square miles of land, of which three and seventy-four one hundredths square miles lay east of and below the main road leading from Conway to West Whately, but that only one square mile thereof lay in the towns of Deerfield and Whately. The respondent asked the judge to rule that the petitioners could recover damages only for water taken by it in the towns of Deerfield and Whately.

The judge refused to rule as requested, and instructed the jury that under the statute and the certificate of taking the respondent had the right to take and had taken all the waters of Roaring Brook easterly of the road mentioned from Conway to West Whately, whether the waters were in the town of Deerfield and Whately or not, and that the petitioners could recover damages from the respondent for the taking of the water from three and seventy-four one hundredths square miles of land, whether it lay in the towns of Deerfield and Whately or elsewhere, provided that such land was easterly of the road from Conway to West Whately.

The jury returned verdicts for the petitioners in each case, in the case of McLeod in the sum of $1,200, in the case of Shattuck in the sum of $1,200, and in the case of Kingsley in the sum of $250. The respondent alleged exceptions to the refusal of the request for the ruling stated above, and also to the refusal of other requests for rulings which have become immate-

rial because they were not argued by the respondent and were treated by the court as waived.

St. 1902, c. 486, is entitled " An Act to provide for supplying the village of South Deerfield with water, and for establishing the South Deerfield Water Supply District."

The first two sections of the statute, omitting the boundaries of the district, are as follows:

" Section 1. The inhabitants of the village of South Deerfield in the county of Franklin, liable to taxation in the town of Deerfield and residing within the territory enclosed by the following boundary lines, to wit: ... [Boundaries] ... shall constitute a water district, and are hereby made a body corporate, by the name of the South Deerfield Water Supply District, for the purpose of supplying themselves with water for the extinguishment of fires and for domestic and other purposes, with power to establish fountains and hydrants and to relocate or discontinue the same, to regulate the use of such water and to fix and collect rates to be paid for the use of the same, and to take by purchase or otherwise and hold property, lands, rights of way and easements, for the purposes mentioned in this act, and to prosecute and defend in all actions relating to the property and affairs of the district.

" Section 2. Said water supply district, for the purpose aforesaid, may take by purchase or otherwise and hold the waters of Roaring Brook and of any or all of its tributaries in the towns of Deerfield and Whately, except that part of said brook and its tributaries which lies west of and above the main road leading from Conway village to West Whately; and the waters of any springs or other sources on the watershed of said brook, with the water rights connected therewith, except that part which lies west of and above the main road leading from Conway village to West Whately: provided, that no source of water supply for domestic purposes shall be taken under this act without the consent of the State board of health, and that the location of all dams and reservoirs shall be subject to the approval of said board. Said district may also take by purchase or otherwise and hold all lands, rights of way and easements in the towns of Deerfield and Whately necessary for taking, holding, storing and improving such water and for conveying the same to and

through said South Deerfield Water Supply District, and said district may construct on the lands thus taken or acquired proper dams, buildings, fixtures and other structures, and may do such other things as may be necessary for providing and maintaining complete and effective water works; and for that purpose may construct, lay and maintain aqueducts, conduits, pipes and other works, under or over any land, watercourses, railroads, railways and public or other ways, and along any highway or other way in the towns of Deerfield and Whately, in such manner as not unnecessarily to obstruct the same; and for the purpose of constructing, laying, maintaining and repairing such aqueducts, conduits, pipes and other works, and for all other purposes of this act, said water supply district may dig up, raise and embank any such lands, highways or other ways, in such manner as to cause the least hindrance to public travel; but all things done upon any such ways shall be subject to the direction of the selectmen of the town in which such way is situated."

*F. L. Greene,* (*W. A. Davenport* with him,) for the respondent.

*A. E. Addis,* (*D. Malone* with him,) for the petitioners.

SHELDON, J.   By the second section of c. 486 of the St. of 1902 the respondent was authorized to " take by purchase or otherwise and hold the waters of Roaring Brook and of any or all of its tributaries in the towns of Deerfield and Whately, except that part of said brook and its tributaries which lies west of and above the main road leading from Conway village to West Whately; and the waters of any springs or other sources on the watershed of said brook, with the water rights connected therewith, except that part which lies west of and above the main road leading from Conway village to West Whately." The respondent has made a taking under this statute, and in its certificate filed under § 3 of the statute has described the waters taken as " all the waters of Roaring Brook and its tributaries" above a dam and reservoir constructed by the respondent in the town of Whately, " and extending from that point up said brook to the west side of the main road " aforesaid.   It now contends, as it asked the judge at the trial to rule, that under the statute quoted it had the right to take only that part of the waters of Roaring Brook and its tributaries which lies in

the towns of Deerfield and Whately, and that no damage can be assessed in these proceedings for the taking of any other water. But if this construction were adopted, it would lead to the absurd conclusion that while the respondent's right to take the waters of Roaring Brook and its tributaries was thus limited, yet it was given the express right to take all the sources of water and water rights on the whole watershed of the brook except the part lying west of and above the main road mentioned, including of course that part of such watershed which is situated in the town of Conway as well as in Deerfield and Whately; that is, the respondent would not have the right to take any of the waters of the brook in Conway, but could take such waters in that part of Conway which lies east of the main road mentioned while they were merely on the watershed of the brook and before they actually had entered the channel of the brook and become a part of its waters. Such a construction as this could not be adopted unless imperatively required by the words of the statute; and in this case it is made impossible by the fact that in the residue of the section the authority given to the respondent to take the lands and easements and construct the dams and other structures and lay and maintain the aqueducts necessary to provide and maintain complete and effective waterworks is limited to the towns of Deerfield and Whately. The right given in terms to make a taking in the watershed ought not to be taken away or made nugatory by a merely verbal construction. We are of opinion accordingly that by the proper construction of this statute the respondent was authorized to take, as it has taken, all the waters of Roaring Brook and its tributaries except that part thereof lying west of and above the main road already mentioned, and all the sources and water rights on the watershed of said brook, with the same exception; but that the actual taking of the water, the construction of such dams, reservoirs, and other works as might be necessary, should be made only in the towns of Deerfield and Whately. By this construction effect is given to all the words of the statute; and we agree with the respondent that this should be done.

Accordingly the respondent's request for a ruling in accordance with its contention already stated was rightly refused, and the instruction given as to this question was correct.

The other exceptions taken at the trial were not argued, and we treat them as waived.

*Exceptions overruled.*