D. C. BRADLEY et al., Appellants, v. APPANOOSE COUNTY et al., Appellees.

**DRAINS:** Assessments—Enjoining Collection. The *collection* of a non-void assessment will not be enjoined on the basis of an allegation that some part of the funds *may* be applied to the discharge of an illegal indebtedness.

Headnote 1:   19 C. J. p. 746.

*Appeal from Appanoose District Court.*—C. W. VERMILION, Judge.

OCTOBER 17, .1924.

REHEARING DENIED JANUARY 24, 1925.

ACTION to enjoin collection of special assessments levied against certain lands and railroad property located in a drainage district. A demurrer to plaintiff's petition was sustained, and, the plaintiffs electing to stand on said petition, judgment was entered dismissing the same; and the plaintiffs appeal.— *Affirmed.*

*H. J. Nelson, Palmer Trimble,* and *H. E. Valentine,* for appellants.

*C. Ward Howell,* County Attorney, and *T. G. Fee,* for appellees.

FAVILLE, J.—The petition of appellants alleges that Drainage District No. 1, in Appanoose County, was duly organized; that the individual appellants own certain lands lying in said district, and the appellant railroad company operates and owns

certain lines of railroad within said drainage district. The petition alleges that, on or about the 19th day of June, 1906, the board of supervisors of said county, by resolution, levied certain special assessments against the lands and lines of railroad in said district, and that the assessment so levied against appellants was either fully paid or appealed from. It is alleged that, after such payments and appeal, the board of supervisors of Appanoose County issued certain drainage bonds in the sum of $18,000, which it is alleged exceeded by $202.30 the amount of the benefits assessed, after deducting from such benefits the assessment paid in cash and the assessments appealed from. The petition also alleges that, in September, 1907, the said board of supervisors made a second assessment against the property in said drainage district, and it is alleged that said second assessment was paid or appealed from by appellants, and that thereafter the board of supervisors issued and sold bonds of said drainage district in the aggregate sum of $9,500, which amount exceeded the amount of the benefits, after deducting the assessments paid in cash and appealed from, in the sum of $3,310. It is also alleged that all of the assessments appealed from were subsequently paid in full. It is alleged further that, in September, 1919, the board of supervisors made a third special assessment against said lands and line of railroad, and this action is brought to restrain the collection of said third assessment. It is alleged also that, by reason of the fact that the drainage district issued bonds in excess of the amounts of the benefits assessed against said lands after deducting the assessments paid in cash and the assessments appealed from, the deferred payments were not sufficient in the aggregate to retire all of the bonds thus sold, and that, at the time of the making of the said third assessment, there was a deficiency in the funds in said assessment, and that a shortage exists in said funds in the amount needed to wholly pay and retire such bonds. Appellants aver their willingness to pay to the county treasurer any portion of said last special assessment which is to be used in the payment of expenses incurred in said district for the improvement and maintenance of its ditch, and offer to pay into court the said amount when ascertained, but allege that the whole tax as levied is not capable of separation into valid and invalid portions.

The demurrer challenges the sufficiency of the petition to show any over-issue of bonds, or to show that any shortage in the funds of the bonds in the drainage district was incurred in any other than a legal manner, and asserts that there is no showing in said petition of any illegality or irregularity in the making of said assessment or apportioning the same, and that there are no sufficient grounds alleged showing that the board of supervisors was without jurisdiction and that appellants did not have an adequate remedy at law by way of appeal.

The argument in the case has taken a much wider range than the issues presented by the demurrer to the petition would justify. Both parties seem to concede in argument that the board of supervisors was required to levy the third assessment, being the one in question, in order to furnish funds for the maintenance and repair of the drainage ditch, and that a portion of the funds so to be raised by said assessment is to be used in paying the past-due interest on the bonds of said drainage district which had been previously issued. The theory of appellants is that a portion at least of the money to be raised by said special assessment will be used by the board of supervisors in paying the interest on bonds of said drainage district, which, it is the contention of appellant, were illegally issued: that is to say, it is their contention that the bonds were issued for a larger amount than was authorized under the statute, and therefore they are not subject to tax for the payment of any portion of the interest on such excessive bonds.

We have frequently held that, where the action of the board of supervisors in levying an assessment is not absolutely void, the remedy of the landowner is by appeal, and not by injunction. *Simpson v. Board of Supervisors,* 180 Iowa 1330; *Petersen v. Sorenson,* 192 Iowa 471.

In this case appellants do not contend that the board of supervisors were utterly wanting in jurisdiction to levy the third assessment against their properties. The very gist of their complaint is that the board of supervisors intend to use a portion of the funds so created by such levy in the payment of interest on bonds which appellants contend were illegally issued, and for which interest they claim their properties cannot be held liable.

There is no allegation in the petition that the assessment complained of was not levied according to law, or that all of the lands in the district, including those of appellants, are not being assessed in the proper proportion, according to their original classification; so that we reach the proposition as to whether or not injunctive remedy will lie at the instance of appellants to restrain the collection of the assessment levied against them, because of the contention on their part that a portion of the funds raised by such assessment *may* be used by the board of supervisors in paying interest which appellants contend their lands could not legally be assessed to pay.

The difficulty with appellants' position at this point is that, even conceding, for the sake of the argument, that the board of supervisors contemplated using, or threatened to use, a portion of the funds so collected for an improper purpose, still it is utterly impossible in this proceeding to determine what, if any, portion of the assessment may be so used. It is apparent that the board of supervisors had the power, under the statute, to levy the assessment which was made. Appellants do not seriously contend that the board did not possess power to levy an assessment, at least for the purpose of repair and maintenance of the improvement. The assessment so levied, was, therefore, not wholly illegal or void.

That a portion of said tax so raised may be used eventually by the board of supervisors for illegal purposes when such amount is not ascertainable, is not a ground for an injunction to prevent the collection of such tax. So far as the allegations of the petition are concerned, it is fairly deducible therefrom that the board of supervisors have levied an assessment against the property of appellants according to their original classification, and have spread such assessment equitably on all of the lands within the drainage district. This the board of supervisors had the power, under the statute, to do.

Appellants' complaint is that a portion of the tax so raised will in the future be improperly used by the board of supervisors. Whether, under these conditions, appellants' sole remedy was by appeal from the assessment is a matter which we need not determine, and upon which we make no pronouncement. We do hold, however, that the allegations of the petition are

insufficient to show that the assessment, the collection of which is sought to be enjoined, was absolutely invalid and void. Such being the case, the equitable remedy of injunction to restrain the officers from collecting such assessment will not lie.

We especially reserve from the decision of this case any determination of the question as to whether or not the alleged contemplated action of the board of supervisors in using any of the funds derived from said assessment in the payment of any bonds in said drainage district would be an illegal act, or whether injunction would lie to restrain the board from so disposing of any of the funds collected under the assessment. That question is not adjudicated by the decision in this case.

It follows that the order appealed from must be—*Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.

VERMILION, J., takes no part.