JAMES BALDOZIER et al., Appellants, v. MAURICE MAYBERRY et al., Appellees.

No. 44631.

694

April 4, 1939.

Cook & Cook, for appellants.

W. H. T. Wellons, N. S. Genung, and Genung & Genung, for appellees.

Miller, J.—Appellants are taxpayers and owners of real estate, subject to assessment within the boundaries of Nishnabotna Drainage District No. 5, in Mills county, Iowa. Appellees are the county treasurer and the members of the board of supervisors of Mills county.

Appellants filed a petition in equity, alleging that the board caused certain work to be done in the channel of the drainage ditch, approved claims filed against the district therefor amounting to over $5,000, caused warrants to issue in payment of the claims and levied an assessment against the lands in the district to pay the warrants. Appellants further alleged that the work in said ditch was performed solely for the purpose of protecting two bridges and a township road, was not for the purpose of better service in the drainage ditch, was not in the interest of drainage, that the lands within the district received no benefit from said work and that the expense of such work should be paid from the road fund of the county rather than by assessment against the drainage district. Appellants further alleged that no proper determination was made by the board to give it jurisdiction to incur the expense of same and that the

assessments, made as aforesaid, were illegal and void. Appellants prayed an injunction, restraining appellees from collecting such assessments, and for general equitable relief.

Appellees filed answer, admitting their official capacities, the doing of the work in the drainage ditch, approval of the claims, issuance of the warrants and levying of assessments, but denying the other allegations of the petition. Appellees further alleged that the district was legally established, that the ditch had become out of repair, that the work was done to retard or prevent erosion and washing away of the banks, that the repairs were necessary, that the cost of same was less than ten per cent of the original cost of construction, and was undertaken pursuant to authority conferred by section 7556 of the Code. Appellees prayed that the suit be dismissed.

Trial was had, resulting in decree for appellees dismissing the suit. Appellants appeal from such decree.

At the trial it was stipulated that the cost of the work done in the ditch was $5,500, and that the cost of the original construction was $81,693. Accordingly, if the work was in fact repair of the ditch, such as is contemplated by section 7556 of the Code, the cost was less than ten per cent of the original cost and the board could proceed, pursuant to section 7558 of the Code, to levy an assessment therefor without notice of such assessment. Payne v. Missouri Valley Dr. Dist., 223 Iowa 634, 272 N. W. 618. The decisive question, therefore, is whether the work done in the ditch was repair work, within the contemplation of section 7556 of the Code.

The work that was done in the ditch is described by various witnesses, is shown by an engineer's plat of the project and also by photographs. It consisted of driving piling in the bed of the stream and tying it with other piling to make what are called pile dikes, or wing dams, retards, revetments, to prevent erosion of the west bank of the ditch. The erosion resulted from the curve of the stream, the west bank being on the outside of the curve. There were 15 pile dikes constructed.

The record clearly demonstrates that the work benefited two bridges and a township road. The general course of the ditch is to the south. The two bridges extended east and west across the ditch. If the erosion of the west bank had not been checked, the west approach of each bridge would be endangered and eventually washed out. The township road extended for

some distance along the west bank of the ditch. The erosion was cutting into the highway and would have eventually extended across it making it impassable. There is no question but that the piling benefited the road and two bridges. Without it, eventually it would have been necessary to relocate the road and to rebuild the west approaches to the bridges.

However, the record also demonstrates that the purpose of the work was to keep the channel of the stream within its established location. There was also testimony to show that if the erosion had not been checked it would have eventually permitted the water to return to the old bed of the Nishnabotna river, causing overflow of lands reclaimed by the drainage ditch. Also, some of the pile dikes are so far removed from the two bridges and the road that, from the record before us, we are unable to say that they had anything to do with the road or the bridges. The record fails to sustain appellants' contention that the work was done solely for the purpose of protecting the bridges and the road.

We are also of the opinion that the work done in the ditch may be considered "repair" work. In the case of Board of Supervisors v. Paine, 203 Iowa 263, 210 N. W. 929, we considered work done in a drainage ditch to prevent erosion of its banks. At page 270, 210 N. W. at page 932, we state:

"The authority there given was not merely to repair, but to *keep in repair*. We have said that to repair is to 'restore to a sound or good state, after decay, waste, injury, or partial destruction.' Walker v. Dwelle, 187 Iowa 1384, 175 N. W. 957. Obviously, then, to keep in repair is to keep in a sound or good state, without such injury or partial destruction. To keep in repair is to keep from getting out of repair. Where the authority is to keep a thing in repair, it cannot be said that it must be out of repair before anything can be done under the authority."

Again, at page 271, 210 N. W. at page 932, we state:

"The authority of the joint board, under section 1989-a21, to repair the ditch by deepening it and removing deposits of silt cannot be questioned. When the authority of the board is to keep the ditch in repair, we are of the opinion that the taking of effective precautions to prevent erosion of its banks and the deposit of silt in its channel is not beyond the power given."

Under the record herein, the work done in the ditch was for the purpose of keeping the ditch in repair. It was for the purpose of taking effective precautions to prevent erosion of its banks. This was within the power of the board as defined by section 7556 of the Code. Accordingly, appellants' contention that the action of the board was illegal and void is without merit.

Appellants complain that the board did not make a proper record of its determination to repair the drainage ditch. Apparently their position is that the evidence shows an original intention to consider the work as maintenance of the bridges and road, with a subsequent decision to charge the expense to the drainage district.

At page 16 of appellants' argument, counsel state:

"There is no record of any proceedings of the board of supervisors with reference to this district according to ditch record No. 2 from sometime in 1929 until December of 1937. We are not contending that it is absolutely necessary from a jurisdictional standpoint that such a record be made, but we are contending that from an evidentiary standpoint the board did not meet and determine that any necessity for repair on the ditch existed, or make any of the preliminary steps required by statute."

Again, at page 21 of appellants' argument, counsel state:

"The only purpose of the work was to keep the channel under the bridge, and we contend that the evidence so strongly shows this fact that there should be no assessment made against this district for the work."

However, appellants introduced in evidence Exhibits 2 to 18, inclusive. These are claims for labor and material in connection with this work. Exhibit 2 alone is set forth in full in the abstract. It was dated April 19, 1937, filed May 5, 1937, is for 680 lin. ft. of piling at 10 cents per foot and is filed against the "Nishna Dr. Dist. No. 5" fund. The other exhibits are said to be in the same form. They were filed subsequently, the last one being filed October 6, 1937. Appellee Anderson, a member of the board, testified that the claims were filed pursuant to an oral contract, concerning which he testified as follows:

"Q. When you made this contract did you make it for the Drainage District or for anybody else? A. For the drainage district.

"There was no talk that the bills should be filed against any other fund than the account of the drainage district."

While the record made by the board is not as complete as it might well be, appellants do not contend that it was insufficient to sustain the board's jurisdiction. Such as the record is, it supports the contention of appellees that the work was considered from the beginning as repair of the drainage ditch to be charged against the district.

In undertaking to repair a drainage ditch, the board exercises discretion. Griebel v. Board of Supervisors, 200 Iowa 143, 202 N. W. 379. Any person aggrieved may appeal to the district court. Section 7513 of the Code. The remedy by appeal, provided for in said chapter, is exclusive of all other remedies. Section 7527 of the Code.

In the case of Bradley v. Appanoose Co., 199 Iowa 317, 200 N. W. 216, in affirming a judgment wherein a demurrer to a petition, which sought to enjoin collection of special assessments levied by a drainage district, was sustained, we state at page 319, 200 N. W. at page 217, as follows:

"We have frequently held that, where the action of the board of supervisors in levying an assessment is not absolutely void, the remedy of the landowner is by appeal, and not by injunction. Simpson v. Board of Supervisors, 180 Iowa 1330, 162 N. W. 824; Petersen v. Sorensen, 192 Iowa 471, 185 N. W. 42."

In the case of Seabury v. Adams, 208 Iowa 1332, 225 N. W. 264, the trial court had enjoined the collection of special assessments levied to repair a drainage improvement. In reversing the judgment, we state at page 1338, 225 N. W. at page 266, as follows:

"The board of supervisors manifestly had jurisdiction of the subject-matter, and the auditor and the treasurer, as well, were legally authorized to act. None of these officials, then, was proceeding without jurisdiction. An injunction, therefore, was not the proper remedy. See section 7527, Code, 1927, and Petersen v. Sorensen, 192 Iowa 471, 185 N. W. 42."

The trial court determined that the appellee board had jurisdiction to pass upon the needs and repairs of the drainage district and that the work undertaken herein was "work of repair" within the language of the statute. We agree with the trial court. Accordingly, appellants' remedy was by appeal. They were not entitled to enjoin the collection of the assessments levied by appellee board.

The decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.