BOARD OF TRUSTEES OF MONONA-HARRISON DRAINAGE DISTRICT No. 1 et al., Appellants, v. BOARD OF SUPERVISORS OF MONONA COUNTY et al., Appellees.

No. 45889.

AUGUST 11, 1942.

REHEARING DENIED DECEMBER 18, 1942.

Underhill & Underhill, of Onawa, Anderson & Bails, of Sioux City, and DeVere Watson, of Council Bluffs, for appellants.

Geo. E. Allen, of Onawa, and Kindig, Faville, Kindig & Beebe, Carl W. H. Sass, and Robert B. Pike, all of Sioux City, for appellees.

SAGER, J.—Appellant Board alleges that it was established in 1904, covering an area of 62,867 acres; that it was and is the lower or outlet district through which waters from the tributary districts found their way to the Missouri River; that the total area covered by all the districts is approximately 250,000 acres; that during the years 1936 to 1939, inclusive, repairs were deemed necessary to restore the outlet to its original usefulness, and to that end, extensive repairs were made; and that the cost of such repairs was assessed to the various tributary districts in the proportions to which they were benefited.

While reference is made to other tributary districts, this action involves only Losey Drainage District of Monona County. The Board of Supervisors of Monona County, as representatives of that district, will be spoken of as if sole appellee. Appellee filed what is rightly designated "an answer which contained a multitude of defenses." That this multitude was thrown together in one division or count, contrary to the rules of good pleading, has not simplified the problem before us.

The answer challenges generally everything alleged in the petition except the legal status of the parties. It does admit that it refused to pay the portion of the repair assessed against it. It alleges further that it is not liable to pay on these principal grounds: (1) That the law which permits an assessment to be made without notice and a chance to be heard, violates the pro-

visions of State and Federal Constitutions (sections 6 and 9 of Article I of the Constitution of Iowa, and Fifth and Fourteenth Amendments to the Constitution of the United States) guaranteeing due process and equal protection of the law; (2) that there is no provision of law for an appeal in which the correctness of the assessment could be investigated; and (3) that if it be conceded that the provisions of the drainage statutes do permit an appeal to the district court, the remedy is inadequate because there was no way of knowing when to appeal.

Appellants' motion to strike the answer in effect challenges the right of appellee to raise any of the issues tendered, on the ground that its remedy is to be found exclusively within the provisions of the drainage statutes. The argument is that, having failed to avail itself of the provisions of the law therein provided, appellee may not be heard here. Appellants cite in support of their contention at this point, sections 7513, 7514, 7515, and 7527, 1939 Code. Basing their arguments on these sections, appellants say that appellee is without right to assert any defense here.

The lower court overruled the motion. We think the ruling was right so far as the general denial put in issue the matters properly the subject of proof as hereinafter indicated. We have held that a quasi municipal corporation may not challenge the authority of its creator. Hewitt & Sons Co. v. Keller, 223 Iowa 1372, 275 N. W. 94. Even if this were not so, the constitutional question has been settled against appellee. See Breiholz v. Board of Supervisors, 186 Iowa 1147, 173 N. W. 1; Id., 257 U. S. 118, 42 S. Ct. 13, 66 L. Ed. 159; Board of Trustees v. Board of Supervisors, 198 Iowa 117, 197 N. W. 82; and Baldozier v. Mayberry, 226 Iowa 693, 285 N. W. 140.

It is to be kept in mind that we are not now considering the complaint of a property owner. Appellee is a legislative creation which has no rights or powers other than those found in the statutes which gave and sustain its life. We quote with approval from a New York decision in City of Des Moines v. Iowa Tel. Co., 181 Iowa 1282, 1292, 162 N. W. 323, 326, this:

" 'The true view is this: Municipal corporations owe their origin to, and derive their powers and rights wholly from, the

legislature. It breathes into them the breath of life, without which they cannot exist. As it creates, so it may destroy. If it may destroy, it may abridge and control. Unless there is some constitutional limitation on the right, the legislature might, by a single act, if we can suppose it capable of so great a folly and so great a wrong, sweep from existence all of the municipal corporations in the state, and the corporation could not prevent it. We know of no limitation on this right, so far as the corporations themselves are concerned. They are, so to phrase it, the mere tenants at will of the legislature.' ''

See also Faitoute Iron & Steel Co. v. City of Asbury Park, 316 U. S. 502, 62 S. Ct. 1129, 86 L. Ed. 1629, and cases therein cited.

Appellee, then, must base its refusal to bear its part of the cost of repairing the outlet on legislative declaration. We have found none. Section 7563 provides for the repair of the common outlet; and section 7567 declares:

"If the amount finally charged against a district does not exceed ten percent of the original cost of the improvement in said district, the board shall proceed to levy said amount against all lands * * * in accordance with the original classification and apportionment."

The assessments made in this case do not exceed ten per cent of the original cost.

Sections 7513, 7514, and 7515 provide for appeals and section 7527, which appears in chapter 353, Title XVII, declares:

" * * * The remédy by appeal provided for in this chapter shall be exclusive of all other remedies."

Appellee says that there is no time fixed when the right of appeal begins. We do not decide this question, though it may not be out of place to suggest that such time might well have been when the report of the commissioners duly appointed was filed with the auditor of Monona county. The claim of appellee Board that it had no notice of the assessment can be accepted only on an assumption of indifference to what was going

on in Monona county affairs, which we think appellee would scarcely admit.

As we have said, the answer, in addition to a general denial, sets up a multitude of defenses consisting of specific denials. By these the appellee denies, among other things, that the outlet of the appellant district became clogged, that repairs were made, or that the cost of repairs was legally apportioned.

Appellants contend that the issues thus asserted cannot be raised in these proceedings because section 7527 of the Code provides, "The remedy by appeal provided for in this chapter shall be exclusive of all other remedies." In the trial below appellants relied upon our holding in Petersen v. Sorensen, 192 Iowa 471, 479, 185 N. W. 42, 45, wherein we state:

"If an improper classification were adopted, or if lands properly assessable were omitted from the levy, or if the assessment was not according to benefits, or for other reasons was inequitable, the remedy by appeal was sufficient and exclusive. This remedy having been provided, it must be followed."

The court below in the case before us held as follows:

"The Court concludes that an appeal from the allocation of assessment made by the Commission to the defendant District is not the only remedy given the defendant for the reason that there was nothing from which the defendant might appeal."

The above holding is erroneous. Section 7515 provides that all "appeals shall be taken within twenty days after the date of final action or order of the board." The petition alleges, as to the repair work in 1936 and 1937, that "a full and complete report of said repair work to said waterways of the Monona-Harrison drainage system was prepared and filed by Engineer B. H. Davis, who was appointed by plaintiffs to investigate condition of said waterways in the Monona-Harrison Drainage District, in the office of the County Auditor of Monona County, Iowa, and a further report as to said repair work was prepared and filed by Commissioners H. M. Baldwin, Tyler Johnston and B. H. Davis, relating to proportionate benefits and sum total to be assessed to drainage districts, as provided by statute, which are tributary to the Monona-Harrison drainage system for re-

pair work done in said system in 1936, and 1937, and which said report was filed in the office of the County Auditor in Monona County, Iowa.'' The petition further alleges:

"That on June 4, 1938, the plaintiff Board of Trustees by resolution duly passed and adopted by them authorized a demand on the several defendant Boards for a contribution by said defendants of their proportionate share of said expense for repair work done in the Monona-Harrison Drainage System in 1936 and in 1937, according to the report of the Commissioners appointed for said purpose, and filed in the office of the Monona County Auditor, as hereinabove mentioned; which demand was thereupon made of the said defendant Boards * * *.''

The trial court was wrong in holding that there was nothing to appeal from. The order of June 4, 1938, fixed the apportionment and authorized a demand on appellee for its proportionate share. When that demand was made, appellee surely had something from which to appeal. The answer admits:

"Nor did these answering defendants or the taxpayers within their district appear and protest against making the said allocation, nor did they, or any of them, appeal from the alleged order of allocation.''

This admission is sufficient to warrant the holding that, under section 7527 of the Code, the allocation upon which appellants rely herein cannot be the subject of the collateral attack attempted by the specific denials and related allegations asserted in the answer herein.

We return, then, to the question as to what issues are to be tried under the general denial. We have said that appellee may not raise any constitutional questions as to the power of appellants. We have said, too, that the power and authority of appellants to make repairs in the outlet district could not be questioned except by appeal.

There seems to remain, then, under the general denial, only the burden of appellants to prove that appellant district is the outlet district, that it made the repairs, that the cost thereof did not exceed ten per cent of the original cost of the improvement, and lastly, that appellee has not paid its assessment.

The cause is affirmed in part, reversed in part and remanded for further proceedings in conformity herewith.—Affirmed in part; reversed in part and remanded.

WENNERSTRUM, C. J., and MITCHELL, HALE, GARFIELD, MILLER, and STIGER, JJ., concur.