# IN THE COURT OF APPEALS OF IOWA

No. 22-0042
Filed April 26, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JASON MICHAEL SINES,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Keokuk County, Joel D. Yates, Judge.

A defendant appeals his sentence. **APPEAL DISMISSED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Jason Sines appeals the sentence imposed following a plea agreement. He contends the court failed to state reasons for the imposed sentence. We determine Sines cannot establish good cause to appeal. Accordingly, we dismiss the appeal.

## I.     Background Facts & Proceedings

Sines pled guilty to third-degree burglary and eluding on December 3, 2021. The court accepted the plea and entered judgment the same day. Pursuant to the plea agreement, the court sentenced Sines to two concurrent five-year sentences. His plea agreement stated that Sines understood that he had the right to appeal the judgment and sentence of the court. The plea contained the following language:

> If I choose to appeal, the appeal must be filed in writing and that if I fail to appeal in [that] matter or method, I will waive or give up my right to appeal the judgment and sentence of the court. I further understand that if I need an attorney to assist in my appeal, and if I qualify, an attorney will be appointed to represent me at state expense.

A sentencing hearing was not held, and the court entered judgment via writing.[1] The judgment and sentence, accepted by the court and filed on December 3, advised Sines that he had the right to appeal from the sentence, but the notice did not indicate that the appeal had to be in writing and filed within thirty days. The portion of the judgment and sentence as it related to the defendant's appeal rights read:

**Appeal Bond.** Defendant was informed of the right to appeal.

---

[1] The court did so pursuant to supreme court guidance due to the Covid-19 pandemic. *See State v. Basquin*, 970 N.W.2d 643, 652-54 (Iowa 2022).

On December 27, Sines submitted a pro se letter to the district court. In it, he claimed his trial counsel was ineffective because they informed him the sentences for the instant convictions would run concurrently to charges in a separate proceeding. Despite those assurances, the convictions were run consecutively. The letter concluded,

> Please I ask this court to resentence me immediately and run this case concurrent to [the other convictions]. If not I would like to know how to file an appeal and do that. I take responsibility for my actions but I don't think [it's] right my attorney [misled] me.

On January 4, 2022, Sines filed another pro se letter. The letter noted the same complaints as his prior letter. It concluded, "I request that a judge resentence me [and] order this as a concurrent sentence to each other [and] those [two] cases. If not I would respectfully like to appeal due to ineffective counsel." That same day, Sines filed a pro se notice of appeal.

The court treated Sines's January 4 letter as a motion for reconsideration, which it denied. Following February 25, Sines was represented by counsel. Sines, through counsel, filed a notice of appeal on April 25. Sines claims the court failed to state reasons for imposing the sentence agreed to in the plea agreement.

The supreme court, on its own motion, noted, "The appeal may be untimely for two separate reasons: (1) it was filed more than 30 days after judgment and sentence; and (2) defendant was represented by trial counsel at the time he filed the pro se notice of appeal." After supplemental briefing by the parties, the court ordered the matter be addressed with the appeal and transferred the appeal to this court.

## II.    Discussion

### A.    Delayed Appeal

A party initiates an appeal from a final judgment by "filing a notice of appeal with the clerk of the district court where the order or judgment was entered" within thirty days of the final judgment.  *See* Iowa R. App. P. 6.102(2).  "This rule is 'mandatory and jurisdictional.'"  *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022).  The Iowa Code prohibits courts from considering pro se filings from a defendant who is actively represented by trial counsel.[2]  *See* Iowa Code § 814.6A (2021).  Thus, we would ordinarily disregard Sines's three pro se filings from December 27 and January 4.  Sines's counsel filed a notice of appeal on April 25, 2022, well after the jurisdictional deadline.

That said, "[o]ur precedents have allowed delayed appeal where a defendant has [(timely)] expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control."  *Davis*, 969 N.W.2d at 787.  But a delayed appeal "has never been considered a discretionary action based on mere excusable neglect.  It is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied."  *Id.*

Sines's two January 4 pro se filings were submitted thirty-one days after judgment became final, exceeding the deadline by one day.  Thus, they are not timely, and cannot be used to grant a delayed appeal.  *See State v. Crawford*, 972

---

[2] Recent amendments allow represented defendants to file a pro se notice of appeal, although the amendments were not in effect during the instant proceedings.  *See* 2022 Iowa Acts. ch. 1110, § 1 (codified at Iowa Code § 814.6A (2022)).

N.W.2d 189, 194 (Iowa 2022) (explaining that a delayed appeal is available when the defendant "*timely* expressed an intent to appeal *before* the deadline" (emphasis added)). That leaves us with Sines's December 27 filing.

We conclude Sines's December 27 letter established a timely intent to appeal his sentence and we grant Sines a delayed appeal.

### B. Good Cause

We next turn to whether Sines has good cause to appeal from his sentence. We determine we lack jurisdiction to address the merits of Sines's claims because Sines cannot establish good cause to appeal following his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (providing a defendant must establish good cause for an appeal if the conviction results from a guilty plea to a charge other than a class "A" felony). The burden is on Sines to establish good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

Typically, a defendant demonstrates good cause by appealing the sentence rather than the guilty plea. *See id.* at 105 ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). But a defendant does not have good cause to appeal when the defendant seeks to challenge a mandatory sentence or a sentence agreed to in a plea agreement. *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (explaining that in *Damme*, "We held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error *when the sentence was neither mandatory nor agreed to in the plea bargain.*" (emphasis added)).

Our court has enforced these exceptions and dismissed appeals due to lack of good cause when the sentence imposed was mandatory or the agreed-upon sentence under the plea agreement. *See, e.g., State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *2 (Iowa Ct. App. Nov. 2, 2022) (dismissing appeal challenging agreed-upon sentence as the defendant "has no remedy because she got what she bargained for and she has not established good cause to appeal"); *State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (dismissing appeal for lack of good cause due to the sentence imposed being that agreed to by the parties); *State v. Major*, No. 19-2055, 2021 WL 3662311, at *1 (Iowa Ct. App. Aug. 18, 2021) (dismissing appeal when challenged sentence is mandatory). Because Sines received the sentence he bargained for in the written plea agreement, he cannot establish good cause to appeal and his appeal must be dismissed.

To the extent Sines raises a claim of ineffective assistance of counsel, we cannot address such on direct appeal. *See* Iowa Code § 814.7.

**APPEAL DISMISSED.**