MATINA CONSTANTINE et al., appellees and cross-appellants, v.
GEORGE SCHEIDEL et al., appellants.

No. 49399.

(Reported in 90 N.W.2d 10)

MAY 6, 1958.

954

Burnquist, Helsell, Burnquist & Kersten, of Fort Dodge, for appellants.

Bradshaw & Crawford, of Fort Dodge, for appellees and cross-appellants.

LARSON, J.—In a suit brought by plaintiffs, owners of real estate, against former tenants for indemnity or contribution covering damages and costs in the sum of $14,220.63, which plaintiffs were forced to pay as a result of an action in tort against all parties, the trial court denied indemnity but allowed equal contribution. Judgment for $7069.31 with interest was entered in favor of plaintiffs, and both parties appeal.

The facts are essentially the same as those found in the opinion of this court rendered in the law action for damages found in Stupka v. Scheidel, 244 Iowa 442, 56 N.W.2d 874. We will not again set them out here. The record evidence in the former case, up until the trial court erroneously directed a verdict for the defendant tenants, by agreement was introduced in this cause. Evidence substantially the same as that produced after the error was then introduced, plus the testimony of the defendants George Scheidel and Harry Hicks, and a photographer. This testimony, plaintiffs contend, did not change or alter the facts already substantially established. As a result, the trial court in this suit found there was also tenant liability established for the injury to the workman.

We are thus confronted with two principal issues in this appeal. Did the record in this case justify the court's finding of tenant liability and, if so, is this a proper case for equitable contribution?

It is noted that this matter was commenced in equity, tried like a law action without a jury, and the court filed both findings of fact and conclusions of law. No motion was made to transfer the cause to the law calendar, so we must conclude it remained a suit in equity.

■ I. The trial court in its findings of fact found the tenants, defendants herein, leased the second floor of a two-story business building in Fort Dodge, and continued to occupy it under an oral lease for some twelve years. It found no express agreement regarding the exterior of the second story, that, "Defendants took the premises on an 'as is' basis, and through the years the owners of the building did practically nothing there in the way of upkeep. * * * On a few occasions they [the tenants] reported conditions which they felt were not their responsibility —calking windows and fixing the roof * * *." The plaintiffs on those occasions sent workmen to do the needed repairs. The court also found, "Defendants used the second floor for a club, and found it necessary to have the windows clean. They contracted with a window washer to do this work * * *" at least once a month. The court further found, "It was the intention of the parties that defendants should have the responsibility of cleaning the windows * * * and that for this purpose defendants should have charge of the windows, both outside and in, together with the accouterment provided for doing the work. It was also the intention of the parties that expense incident to making essential repairs on the exterior of the building should be borne by the landlords when the condition was called to their attention * * *." There is substantial evidence and testimony in the record to justify these findings, and we agree with them.

II. We next turn to our decision in Stupka v. Scheidel, supra, 244 Iowa 442, 453, 454, 56 N.W.2d 874, 880. There we said: "* * * there is little doubt plaintiff was using the part of the building from which he fell by express invitation of the tenants. * * * They long exercised, with the owners' acquiescence, at least partial control over the outside of the windows. * * * Having engaged plaintiff to wash the outside of the windows under an arrangement which contemplated use of the screw eye that gave way, the tenants were under the duty to exercise ordinary care to discover its unsafe condition and to make it reasonably safe for plaintiff. * * * The finding is warranted that the tenants failed to discharge their duty toward plaintiff and as a result he was injured. What we have said as to the failure of the owners to perform a *like duty* and the authorities cited to

support that conclusion are applicable here." (Emphasis supplied.)

This, then, if the record evidence in this case is substantially the same as before, and we think it is, is the law of the case. It must, therefore, be concluded that both plaintiffs and defendants in this matter failed to perform a *like duty* to the injured window washer and were liable to him for damages suffered as a result thereof.

III. As has already been indicated, the trial court believed, and there is considerable evidence to sustain its finding, that at least as to the area of the windows on the outside of the second floor of this building, there was joint control. We are mindful of the basis of defendants' contention that the presumption is in favor of retention of such jointly-used facilities in the landlord. Primus v. Bellevue Apartments, 241 Iowa 1055, 1059, 44 N.W.2d 347, 350, 25 A. L. R.2d 565, and cases cited therein. Yet we think there is here a fact question which, when properly determined, goes far to answer the question of liability between the parties under the now clearly-recognized and announced rules of this court in Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23. Being content with the trial court's finding of joint control of the area concerned in this matter, a finding we hinted was justified under the facts in the first action by the injured party, set forth in Stupka v. Scheidel, supra, our remaining question relates to indemnity and equitable contribution.

IV. Under the circumstances of this case, is the doctrine of equitable contribution applicable? We think it is. We left no doubt as to our willingness to recognize situations where equitable contributions are available in our recent decision in Best v. Yerkes, supra. The discussion and citation of authorities therein need not be repeated here. It is true that our former pronouncements in this field of law were definitely modified by this opinion. Venturing into an uncharted field of law for us, we shall confine our discussion here to the application of the recently-announced rule solely to the matter at hand. We are not now disposed to discuss questions of primary and secondary liability or who is guilty of the greater wrong.

The fact that each party, the landlord and the tenant, had breached a like duty to inspect properly and discover the defec-

tive screw eye gave rise to a like liability of both. Stupka v. Scheidel, supra. Obviously, the relevant and important fact determination necessary for this decision gave the trial court, as it does us, some difficulty. Admittedly, there are factors which point to landlord control over the exterior of this building, and we have said in Primus v. Bellevue Apartments, supra, 241 Iowa 1055, 1059, 44 N.W.2d 347, 350, 25 A. L. R.2d 565, that, "In the absence of proof to the contrary a landlord is presumed to have retained control over premises used in common by different occupants of his property." (Citing cases) On the other hand, here there were no other tenants above the first floor and no showing that any other occupant of the building used the face of this building above the first floor. The line of cases, including Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 26 N.W.2d 429, Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 29 N.W.2d 204, Burner v. Higman & Skinner Co., 127 Iowa 580, 103 N.W. 802, and related cases, is not too helpful for they are decisions where the control of the defective or wrongfully-used facilities was clearly retained by one of the parties, and the so-called primary liability gave rise to a right of full indemnity. These were not, of course, situations where contribution would be granted. The rule as to real-estate hazards applicable when the landlord retains control, and permits use of only parts of the building as appurtenances to lessees, as set forth in Restatement of the Law, Torts, section 360, we recognized and approved in both the Primus v. Bellevue Apartments and Stupka v. Scheidel cases, supra. It does not apply here, however, for this window area is not similar to halls, elevators, washrooms, and such facilities, used by all tenants alike. It is, perhaps, more akin to the situation where the entire premises is leased to the tenant, where the condition which resulted in the injury occurred subsequent to the tenant's possession and was not as a result of construction defects. These defective facilities, the trial court decided, were under the joint control of both. They were apparently considered so by the parties. It is true no written agreement or lease resolved this question, and the testimony, including landlord and tenant admissions, had a tendency to substantiate the contentions of each that the other had exclusive control.

In cases of this nature the right of exclusive control is usually determinative of the right of total indemnity or contribution as between the concurrent or joint tort-feasors. See a rather exhaustive article on Indemnity Between Negligent Tort-feasors, 37 Iowa Law Review 517. By the same token, since it appears here that neither was shown to have exclusive control, but each exercised substantial control over the area, contribution or indemnity should be determined by the relationship of joint control. Each had a primary duty to discover. Both the tenant and the landlord were negligent in their duty toward the window washer invitee, who was at the time on the premises under joint control by the plaintiffs-owners and defendants-tenants. There is no claim or showing that these parties were guilty of an intentional wrong or of moral turpitude, or any concerted action. Best v. Yerkes, supra. There is no statutory or contractual agreement involved. See Hawley v. Davenport, R. I. & N.W. Ry. Co., 242 Iowa 17, 45 N.W.2d 513, and cases cited therein. There is little of a persuasive nature that one was more at fault, wrong or remiss in his duty, than the other, so as to bar contribution and permit indemnity.

We, therefore, conclude, as did the trial court, that this was indeed a proper case for equitable contribution and that each should bear one half the loss in the sum of $7069.31. The judgment of the trial court is, therefore, affirmed.—Affirmed.

Costs in amount of $50.68 retaxed to appellees Constantine.

All JUSTICES concur except SMITH, J., not sitting.