Joseph McANDREWS, Plaintiff,

v.

UNITED STATES LINES COMPANY, Defendant and Third Party Plaintiff,

T. Hogan & Sons, Inc. and Chelsea Ship Repair Corporation, Third Party Defendants.

United States District Court
S. D. New York.
Nov. 5, 1958.

Kirlin, Campbell & Keating, New York City, by James B. Magnor, New York City, for defendant and third party plaintiff.

Alexander, Ash & Schwartz, New York City, by Sidney A. Schwartz, New York City, for third party defendant, Chelsea Ship Repair Corp.

LEVET, District Judge.

This is a motion made by counsel for Chelsea Ship Repair Corporation, a third party defendant in the above-entitled action, to strike from the Jury Calendar trial of the action of the United States Lines Company as third party plaintiff against the said Chelsea Ship Repair Corporation.

The above-entitled action of Joseph McAndrews, plaintiff, against United States Lines Company as defendant has been settled and is being discontinued; likewise, the action of United States Lines Company as third party plaintiff against T .Hogan & Sons, Inc. as a third party defendant is being settled and discontinued. Consequently, this leaves for adjudication only the issue between United States Lines Company as third party plaintiff and Chelsea Ship Repair Corporation as third party defendant.

The only jury demand that has been made and filed by any party in this action was that endorsed upon the original complaint of the plaintiff in which he demanded a jury trial of the issue between him and the United States Lines Company. The defendant impleaded the above-mentioned two third party defendants by order of impleader. At no time has the United States Lines Company or Chelsea Ship Repair Corporation ever filed and served any jury demand with respect to the issues between them.

The right of jury trial is governed by Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is as follows:

"Jury Trial of Right

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

"(c) Same: Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he

has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

It is true that if a timely and proper demand for jury is made, all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein. 5 Moore's Federal Practice, pp. 343–344, § 38.45. As further stated by Moore:

" * * * Thus if the plaintiff makes a timely general demand for jury the defendant may rely thereon and the plaintiff cannot dispense with a jury trial as to some or all of the issues between them without the consent of the defendant. Or, if the defendant should make the initial general demand for jury, the plaintiff, even though jury trial is more important to him, need make no demand. He may rely with safety upon defendant's demand. Without the provision against withdrawal, a party might withdraw his demand after the time for demanding a jury had run and thus deprive the adverse party of jury trial. * * " (p. 344, § 38.45)

However, no demand was made by either party as to the issues now about to be tried. The United States Lines Company is not benefited by any vicarious demand made for a jury trial by the plaintiff as to issues between plaintiff and the United States Lines Company. As to these issues, therefore, both parties have waived a jury. As stated by Moore:

"Since the basis of this provision against withdrawal is that other parties should be able to rely thereon, if the demand does not pertain to certain issues then one of the parties concerned with those issues should make demand therefor. Thus assume that A sues X; X answers and also files a third-party complaint against Y. If A makes a timely general demand the demand embraces all the issues between A and X, and X may rely thereon and need not make a demand for those issues. It is rather strained, however, to say that A's general demand embraces the third-party issues between X and Y, with which A is not concerned. And it would seem that either X or Y should make a timely demand as to the third-party issues if a jury trial is desired as to those issues. If we vary the facts and assume that A has made no demand, but that X makes a general demand at the time he serves both his answer on A and the third-party complaint on Y, then it should follow that X has demanded jury trial for the issues between him and A and between him and Y, and that both A and Y may rely thereon and need make no demand." (p. 344, note 2)

This is the exact situation which prevails. Therefore, the motion to strike the issue between the defendant United States Lines Company as third party plaintiff and Chelsea Ship Repair Corporation as third party defendant is granted.

So ordered.