**GENERAL ELECTRIC COMPANY, Defendant and Third-Party Plaintiff, Appellant,**

**v.**

**Kelly C. MORETZ, Plaintiff, and The Mason & Dixon Lines, Inc., Third-Party Defendant, Appellees.**

**No. 7878.**

United States Court of Appeals Fourth Circuit.

Petition for Rehearing Oct. 12, 1959.

Petition Denied Nov. 25, 1959.

John H. Doughty, Knoxville, Tenn., and John H. Locke, Roanoke, Va. (Gentry, Locke & Rakes, Roanoke, Va., and Hodges, Doughty & Carson, Knoxville, Tenn., on brief), for appellant.

A. Linwood Holton, Jr., Roanoke, Va. (Eggleston & Holton, Roanoke, Va., Todd

---

& Todd, and Dodson & Dodson, Kingsport, Tenn., on brief), for appellee Kelly C. Moretz.

John H. Thornton, Jr., Roanoke, Va., and Duke Duvall, Oklahoma City, Okl. (Woods, Rogers, Muse & Walker, Roanoke, Va., on brief), for appellee Mason & Dixon Lines, Inc.

Arthur E. Smith and Evans B. Jessee, Roanoke, Va., on brief for Liberty Mut. Ins. Co.

Submitted to SOBELOFF, Chief Judge, SOPER, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

As will appear from the opinion heretofore filed in this case, 270 F.2d 780, Mason & Dixon, a carrier of certain electrical equipment in interstate commerce, was held liable to indemnify General Electric, the shipper, for damages the shipper was held liable to pay to Kelly C. Moretz, the driver of Mason & Dixon's vehicle, for injuries suffered by him when the load because of improper stowage suddenly shifted in rounding a turn in the road, causing the vehicle to overturn. The suit was brought in the first instance by the driver against the shipper and the latter filed a third-party complaint against the carrier. The shipper was held liable because it negligently loaded the vehicle in the first place, but the carrier was held liable to indemnify the shipper because the evidence showed that the carrier took over the vehicle and transported it on the public highway with knowledge that the load had been improperly secured and thereby failed to perform its duty in accordance with its contract with the shipper and the regulations of the Interstate Commerce Commission.

After the opinion was filed, a motion for rehearing was filed by the carrier based in part on the ground that it had been deprived of its right to a jury trial on the issue of its liability to indemnify. The record does not support the contention. The case was first submitted to the jury on the question of the primary negligence of the shipper and a verdict against it in favor of the driver was rendered. Thereupon, the judge submitted to the jury a special interrogatory as to whether the carrier was guilty of negligence which proximately contributed to the accident and the resulting injuries to the driver, and the jury answered the interrogatory in the affirmative. The uncontradicted evidence showed not only that the load was improperly secured but, also, that the carrier had knowledge of it when it sent the vehicle out on the road. Upon these facts we reached the conclusion of law that the carrier was obliged to indemnify the shipper in analogy with decisions of the United States Supreme Court holding a stevedoring company liable to indemnify a shipowner for damages which the latter has been required to pay to a longshoreman for injuries due to the unsafe stowage of the cargo by the stevedoring company.

The carrier now complains that it should have been left to the jury in the pending case to decide not only whether the carrier was negligent in respect to the stowage of the goods but also whether the negligent conduct of the shipper was such as to preclude indemnity in this case. It bases its contention on the decision in Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567, 78 S.Ct. 438, 441, 2 L.Ed.2d 491, where it was said that the evidence bearing on certain issues of fact relating to the liability of a stevedoring company to a shipowner for indemnity in a third-party proceeding should have been submitted to the jury "under appropriate instructions". The plaintiff in that case was a longshoreman who was engaged in unloading a ship in Boston and was struck by a piece of wood which fell upon him in the hold of the vessel from a tempo-

rary winch shelter on the deck. The shelter had been built by the stevedoring company a short time before when it was unloading a part of the cargo in New York. The shelter should have been removed by the crew of the vessel while enroute to Boston but, instead, it was left in place when the ship was turned over to the stevedoring company in Boston to complete the unloading. It was this failure on the part of the shipowner to perform the nondelegable duty to furnish adequate equipment which justified the verdict against the shipowner. After this verdict was rendered by the jury against the shipowner the judge directed a verdict against the stevedore. This action was held to be erroneous. The court said that all fact issues involved in the third-party action against the stevedore should have been submitted to the jury after the verdict in the main case, since the duties owing by the shipowner to the longshoreman were not identical with those owned by the stevedoring company to the longshoreman. The court pointed out that the general verdict against the shipowner might have been based on the failure of the ship to remove the shelter when the ship left New York, or a failure to warn the stevedore of the dangerous condition of the shelter, or upon the failure of the stevedore to inspect the shelter and correct the unsafe condition after the ship arrived at Boston, and that in the last contingency, at least, recovery of indemnity would not be prevented. The holding of the Supreme Court was that in the absence of a decision on these points, the question of the liability of the stevedore to indemnify could not be determined and hence the necessity arose to submit the fact issues to the jury under proper instructions. There is, however, no intimation in the opinion that it should have been left to the jury to determine the legal liability of the defendant in the third-party action after the facts had been ascertained. Obviously this was a question of law for the judge.

In the pending case the admonition of the Weyerhaeuser case was followed. After the verdict in the main case was rendered against the shipper, a separate issue as to the negligence of the carrier was submitted to the jury and found against it. That issue was directed to the same point of fact in both the original and the third-party suit, that is, whether the defendant had caused the shipment to be transported on the road with knowledge that it was in an insecure condition and without any effort to correct it. In each instance, the uncontradicted evidence established the default and it then became the duty of the court to determine the legal obligations of the parties. The reasons for the ultimate conclusion of law that the shipper was entitled to indemnity from the carrier in this case are set forth in our main opinion.

The motion for rehearing is denied.
Rehearing denied.