Delores BRANDT, Plaintiff,

v.

Howard Bell OLSON and Fred Carlson Company, Inc. sometimes known as Fred Carlson Company, Defendants and Third-Party Plaintiffs,

v.

Walter J. GALUS, Third-Party Defendant.

Civ. No. 856.

United States District Court
N. D. Iowa, E. D.

Feb. 1, 1961.

Wendell A. Holmes, of Reed & Holmes, Waterloo, Iowa, for plaintiff.

Robert R. Buckmaster, George Lindeman and Bruce M. Snell, Jr., of Beecher, Buckmaster, Beecher & Lindeman, Waterloo, Iowa, for defendants and third-party plaintiffs.

Leo J. Cohrt, of Swisher, Cohrt, Swisher & Finch, Waterloo, Iowa, for third-party defendant.

GRAVEN, District Judge.

At the present stage of this litigation several questions have arisen in connection with the third-party claim of the defendants Howard Bell Olson and Fred Carlson Company, Inc. against the third-party defendant, Walter J. Galus. On August 31, 1956, a collision occurred on an Iowa highway between an automobile in which the plaintiff was riding and a road grader owned by the defendant Fred Carlson Company and operated by its employee, the defendant Howard Bell Olson. The automobile in which the plaintiff was riding was being operated by the third-party defendant, Walter J. Galus. The plaintiff brought the present action against the defendants Fred Carlson Company and Howard Bell Olson to recover for damage to her automobile and personal injuries sustained by her as a result of the collision. Jurisdiction is based upon diversity of citizenship. The plaintiff is a citizen and a resident of the State of Illinois. The defendant Fred Carlson Company is an Iowa corporation with its principal place of business in Iowa. The defendant Howard Bell Olson is a citizen and resident of the State of Texas. The third-party defendant, Walter J. Galus, is a citizen and resident of the State

of Missouri. The plaintiff seeks to recover the sum of $100,000 from the defendants. Pursuant to leave of Court, the defendants filed a third-party complaint against Walter J. Galus under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Service of summons was made upon Walter J. Galus under the Iowa Nonresident Motorist Service Act. Sections 321.498–321.512, Code of Iowa 1958, I.C.A. Walter J. Galus challenged the jurisdiction of this Court under that service. He also challenged the venue as to him. This Court overruled those challenges. Brandt v. Olson et al., D.C.N.D.Iowa 1959, 179 F. Supp. 363. In the recent case of Cannon v. Century Construction Company, Iowa 1960, 106 N.W.2d 65, in which a claim for indemnity or contribution was made, the Iowa Supreme Court held that a claim for indemnity or contribution growing out of a motor vehicle mishap is an action arising out of injuries to a person or damage to property caused by the operation of a motor vehicle, under Section 616.18, Code of Iowa 1958, I.C.A. relating to the venue of motor vehicle damage actions. In that same opinion the Court discussed the case of Brandt v. Olson, supra, and other cases relating to the service of process under Nonresident Motorist Service Acts. There is a recent note on "Ancillary Process and Venue in the Federal Courts" in 73 Harvard Law Review 1164 (1960).

It has long been the Iowa law that under proper conditions one who has had to respond in damages in tort is entitled to indemnity from another tort-feasor. See cases cited in Chicago & N. W. Ry. Co. v. Chicago, R. I. & P. R. Co., D.C.N.D.Iowa 1959, 179 F.Supp. 33, 58, 59. The most recent Iowa case involving indemnity is the case of Franzen v. Dimock Gould & Company, Iowa 1960, 101 N.W.2d 4. It is the present Iowa rule that there may be contribution among concurrent tort-feasors. This rule is of recent origin. It had its origin in a pronouncement made by the Iowa Supreme Court in the case of Best v. Yerkes, 1956, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354. See Comment, 42 Iowa Law Review 450 (1957), and Thomas, Contribution Between Joint Tortfeasors As Affected By The Yerkes Case, 6 Drake Law Review 30 (1956). The rule was referred to in Van Tiger v. Hendricks, 1957, 249 Iowa 25, 85 N.W.2d 543, 545. It was applied in the case of Constantine v. Scheidel, 1958, 249 Iowa 953, 90 N.W.2d 10, and Hawkeye-Security Insurance Company, Inc. v. Lowe Construction Company, Iowa 1959, 99 N. W.2d 421. It was the subject of Federal Court consideration in the case of Chicago & N. W. Ry. Co. v. Chicago, R. I. & P. R. Co., D.C.1959, 179 F.Supp. 33; same case on appeal, Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., 8 Cir., 1960, 280 F.2d 110, certiorari denied, 1961, 81 S.Ct. 378. Situations in which indemnity is allowed are not frequent. However, because motor vehicle mishaps frequently occur because of concurrent negligence of two or more persons, a claim for contribution is frequently asserted in litigation growing out of such mishaps. Because of the recent origin of the rule permitting contribution among concurrent tort-feasors, many questions relating to both the substantive law and procedure in that field are arising for the first time. In the case of Constantine v. Scheidel, supra, the Iowa Supreme Court stated (at page 12 of 90 N.W.2d) that so far as contribution was concerned it was "Venturing into an uncharted field of law * * *."

In the present case the defendants and third-party defendant have been and are in disagreement as to several matters in connection with the third-party claim of the former against the latter. The first matter of controversy relates to the matter of a jury trial on the third-party claim for indemnity or contribution. For convenience in reference, the defendants Olson and Fred Carlson Company will be referred to as the defendants and the third-party defendant Walter J. Galus will be referred to as the third-party defendant.

When the plaintiff filed her complaint in this action, she indorsed thereon a

demand for a jury trial under Rule 38, Federal Rules of Civil Procedure. Paragraph (b) of that Rule provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Paragraph (d) of that Rule provides, in part, that "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Rule 177 of the Iowa Rules of Civil Procedure 58 I.C.A. is so similar that federal decisions involving Rule 38 of the Federal Rules are persuasive as to Rule 177 of the Iowa Rules. 2 Cook and Loth, Iowa Rules of Civil Procedure 202, 203 (rev. ed. 1951). The plaintiff and the defendants are agreed that the issues between them are properly triable to a jury. The defendants claim that the issues between them and the third-party defendant are properly triable to a jury, which claim is resisted by the third-party defendant. The defendants did not make a demand for a jury trial within ten days after the service of the last pleading directed to the issues between them and the third-party defendant. It was the thought of the defendants that the demand for jury trial in the main action between them and the plaintiff carried over to their cross-claim against the third-party defendant. This Court ruled that the demand for jury trial by the plaintiff did not embrace the issues between the defendants and the third-party defendant. See McAndrews v. United States Lines Company, D.C.1958, 167 F.Supp. 41. In that case the Court quotes from Moore's Federal Practice, in part (at page 43):

" * * * Thus assume that A sues X; X answers and also files a third-party complaint against Y. If A makes a timely general demand the demand embraces all the issues between A and X, and X may rely thereon and need not make a demand for those issues. It is rather strained, however, to say that A's general demand embraces the third-party issues between X and Y, with which A is not concerned. * * * "

Following the ruling of this Court that the jury demand made by the plaintiff did not embrace the issues between the defendants and the third-party defendant, the former asked leave to make a belated request for a jury trial as to those issues, which was granted. The third-party defendant, by proper procedure, has challenged the right of the defendants to a jury trial on the issues between him and them on the ground that a claim for indemnity or contribution is equitable in nature and is not properly triable to a jury.

The case of Best v. Yerkes, supra, in which the Iowa Supreme Court made the pronouncement that there could be contribution among concurrent tortfeasors, involved a claim for contribution arising out of a motor vehicle mishap. The Court after referring to the circumstances and the parties, stated (at page 29 of 77 N.W.2d):

" * * * We hold the true rule to be that under such circumstances there is at least a right of *equitable* contribution between them." (Emphasis supplied.)

In connection with the pronouncement of the rule, the Iowa Supreme Court cited and apparently relied upon a number of Wisconsin and Minnesota cases. For that reason, cases involving the Minnesota and Wisconsin law are of special interest. In the case of Hendrickson v. Minnesota Power & Light Company, Minn.1960, 104 N.W.2d 843, the Minnesota Supreme Court stated (at page 846 of 104 N.W.2d):

"The principles governing contribution and indemnity are similar both in origin and in character. In modern law these principles com-

prise the subject that is treated under the general title of restitution. The principles of restitution are derived from the old common-law actions of general assumpsit and those which we now call quasi-contract and from the *equitable* principles of unjust enrichment. * * * " (Emphasis supplied.)

On page 847 of 104 N.W.2d the same Court stated that although indemnity and contribution are variant remedies, they have "a common basis in equitable principles."

In the case of Wait v. Pierce, 1926, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, at page 823, 48 A.L.R. 276, the Court stated:

"The right to contribution was first recognized and enforced in courts of equity, and for a long time the right could not be enforced in a court of law. * * * "

In the case of Constantine v. Scheidel, supra, the Iowa Supreme Court stated (at page 12 of 90 N.W.2d) that the "doctrine of equitable contribution" was applicable in that case. Because of their origin and history, and because indemnity and contribution are so frequently referred to as being based upon equitable principles, some confusion exists as to the role of the judge and jury in litigation involving those matters.

The case of Globig v. Greene & Gust Company, D.C.1960, 184 F.Supp. 530, involved a claim for contribution. The Wisconsin law was applicable. The United States District Court for the Eastern District of Wisconsin had presented to it the nature of a claim for contribution. The Court referred to the Wisconsin decisions in which the word "equitable" had been used in connection with the matter of contribution. The Court stated (at page 534):

"It is plain that the obligation of a joint tort-feasor to contribute arises out of the tort and the fact that the one seeking contribution has paid more than his fair and just share. The word 'equitable' as men-
tioned in the decisions does not mean a matter for chancery. It does not mean 'equity' as opposed to 'law.' It is founded upon natural justice, and when the words 'equitable' or 'equity' are used, reference is made to an attempt to do right and to deal fairly between the parties. Nonetheless, it is a legal right enforced in actions at law where the parties have a right to jury trial. * * * "

The Court went on to say:

"The Wisconsin decisions, while speaking of the right as being an 'equitable' right, treat it as a legal right arising out of tort, and it is enforced in an action at law rather than an action in equity. It arises out of the tort, out of the neglect or wrongful act or omission, and the liability for contribution is imposed *by law*."

In the case of Western Casualty & Surety Company v. Milwaukee General Construction Company, 1933, 213 Wis. 302, 251 N.W. 491, the Court, in discussing a claim made by one tort-feasor against another claimed tort-feasor for contribution towards an amount paid by the former by way of compromise, stated as to the latter (at page 493 of 251 N.W.):

" * * * The compromise does not deprive him of his trial by jury, either as to his liability for the injury or as to the amount of the damage. * * * "

It was heretofore noted that one of the leading cases in Iowa on contribution is the case of Constantine v. Scheidel, 1958, 249 Iowa 953, 90 N.W.2d 10. In that case the plaintiff sought indemnity or contribution by an action in equity. The Court noted that no motion was made by either party to transfer the action to the law calendar. In the case of Hawkeye-Security Insurance Company, Inc. v. Lowe Construction Company, Iowa 1959, 99 N.W.2d 421, heretofore referred to, the plaintiff insurance company was the insurer of one Nichol.

The motor vehicle owned by the latter was involved in a mishap in which a Mr. Leyendecker was killed and his wife was injured. The plaintiff insurance company settled the Leyendecker claims. It then brought an action at law against the Lowe Construction Company seeking contribution from it on the ground that an employee of the latter was a concurrent tort-feasor. The lower court overruled a motion to dismiss, which was affirmed on appeal. On appeal the defendant sought to raise the question as to the nature of the action. The Court stated (at page 425 of 99 N.W.2d):

"Plaintiff's right to bring this action at law, rather than in equity, is not properly challenged by a motion to dismiss. A motion to transfer to the proper docket would be the correct mode of raising the question. * * * "

The Court goes on to state (at page 425 of 99 N.W.2d):

"There is no merit to the ground of defendant's motion that plaintiff's action would deprive defendant of a jury trial on the Leyendecker claims. It has the same right to a jury trial on these claims as if the action had been brought against it by the original claimants. Although it is not shown plaintiff demanded a jury trial, defendant may do so according to rule 177, Rules of Civil Procedure."

It is the view of the Court that under the Iowa law in an action in which either indemnity or contribution is sought the party seeking indemnity or contribution and the one against whom indemnity or contribution is sought each has the right to have a jury trial on the issues of fact. It is the view of the Court that, under the Iowa law, where the facts have been determined by a jury it then becomes the duty of the Court to determine the rights of the parties in accord with the applicable equitable principles enunciated by the Iowa Supreme Court.

It is the holding of the Court that the defendants are entitled to a jury trial as to any submissible issues of fact in connection with their claim for indemnity or contribution against the third-party defendant.

In connection with the issue as to the matter of a jury trial on the cross-claim, the defendants and the third-party defendant discussed a number of collateral questions with which they would be concerned in the event the third-party claim were tried with a jury at the same time as the main claim. It is the view of the Court that in the usual motor vehicle mishap case a claim for indemnity should be tried at the same time as the main claim. However, because claims for indemnity or contribution have legal aspects which are not present in the usual type of cases, the handling of third-party claims relating to those matters in a jury case presents some features not present in the ordinary jury case.

Where a tort-feasor has made settlement of, or paid, a judgment arising out of a tort claim and then brings an action for indemnity or contribution, the claim has become choate and the action is one in which the one seeking indemnity or contribution is the plaintiff and the one against whom it is sought is the defendant and no cross-claim is involved. In cases such as the present one, which is of the type most usually encountered, it has not as yet been determined whether the defendants are in fact under any liability to the plaintiff. Even if it should be determined that the defendants were liable to the plaintiff and an unconditional judgment were entered against them in favor of the plaintiff, an unconditional judgment could not be entered in favor of the defendants on their cross-claim against the third-party defendant. Smith v. Whitmore, 3 Cir., 1959, 270 F.2d 741, 745–746. In the case of Hawkeye-Security Insurance Company, Inc. v. Lowe Construction Company, supra, the Court stated (at page 426 of 99 N.W.2d):

"Ordinarily the right to contribution becomes complete and enforceable only upon payment by a claimant which discharges more than his just share of the common obligation. * * *"

In the present case, if the jury returned a verdict in favor of the plaintiff and against the defendants and also made findings of fact which would impose liability against the third-party defendant, it would not be permissible to enter a joint judgment against the defendants and the third-party defendant in favor of the plaintiff. McPherson v. Hoffman, 6 Cir., 1960, 275 F.2d 466. Further, since the defendants would have no claim against the third-party defendant until they had paid more than their share of such judgment, such judgment would have to be conditional so far as the defendants and third-party defendant were concerned and would have to provide that upon payment of the judgment by the defendants they would be entitled to judgment over against the third-party defendant for one-half of the amount of the same. In the case of Smith v. Whitmore, supra, the Court stated (at page 746 of 270 F.2d):

"The quiver of the judgment should contain but two arrows— one directed to the liability of the defendant and one to the existence of the right of contribution. The defendant who, after the entry of such a judgment, 'discharged the common liability or * * * paid more than his pro rata share thereof * * *' could then obtain a money judgment against the third-party defendant for the excess which he has paid over his pro rata share * * *

"Such a judgment would * * * read as follows:

" 'And now, to wit, (date), in accordance with the verdict and the jury's answer to an interrogatory, it is

" 'Ordered that Judgment be and the same is hereby entered in favor of Plaintiff, * * * [name of plaintiff], and against the defendant, * * * [name of defendant], in the sum of * * * [amount of judgment], together with costs, and it is further

" 'Ordered and Adjudged, that the defendant, * * * [name of defendant], and the third-party defendant, * * * [name of third-party defendant], are joint tortfeasors and that the right of contribution exists in favor of the said * * * [name of defendant] and against the said * * * [name of third-party defendant], and the said * * * [name of defendant] may hereafter have judgment against the said * * * [name of third-party defendant] for the amount which he proves he has paid to the Plaintiff, * * * [name of plaintiff] in excess of the sum of * * * [defendant's pro rata share of plaintiff's judgment].' "

Prior to the payment of the judgment by the defendants, any claim they might have against the third-party defendant would be anticipatory in nature. For an action involving anticipatory indemnity, see The Gray Line Company v. The Goodyear Tire & Rubber Company, 9 Cir., 1960, 280 F.2d 294.

█ The features as to claims for indemnity or contribution tend to point up the question of the use of a general verdict in connection with the third-party claim, which is the subject of concern to the defendants and the third-party defendant. It would appear that the use of a general verdict would be of doubtful propriety. It was heretofore noted that in third-party claims for contribution or indemnity it is the duty of the jury to find the facts and it is the duty of the Court to determine the right to indemnity or contribution in accord with equitable principles based upon the find-

ings of fact by the jury. The return of a general verdict in favor of the defendants or in favor of the third-party defendant on the cross-claim would in substance amount to letting the jury determine the law relating to indemnity or contribution on a claim which was anticipatory in nature. In the case of General Electric Company v. Moretz, 4 Cir., 1959, 272 F.2d 624, in which there was a cross-claim for indemnity, the trial court submitted interrogatories to the jury relating to the fact issues in the third-party claim. On appeal the third-party defendant complained that the trial court should have submitted to the jury the question of indemnity. The above citation of the case is to the opinion on rehearing. In that opinion the Court held that it should not be left to the jury to determine the legal liability between the parties to the cross-claim. The Court stated (at page 626): "Obviously this was a question of law for the judge."

It is the view of the Court that, in cases such as the present, submissible issues of fact between the defendants and the third-party defendant should be submitted to the jury under the provisions of Rule 49 of the Federal Rules of Civil Procedure relating to special verdicts and interrogatories. Rule 205 of the Iowa Rules of Civil Procedure is similar. In 2 Cook and Loth, Iowa Rules of Civil Procedure (rev. ed. 1951), at page 460, it is noted that the two rules are similar and that Federal Court decisions involving Rule 49 of the Federal Rules are of importance in connection with the procedure under Rule 205 of the Iowa Rules.

It is the holding of the Court that the defendants are entitled to have the submissible issues of fact in the cross-claim determined by a jury and that such determination should be made by the jury under the provisions of Rule 49 of the Federal Rules of Civil Procedure.