NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, appellee, v. MAVIS I. NELSON et al., appellants.

No. 52118.

(Reported in 147 N.W.2d 839)

January 10, 1967.

Rehearing Denied March 7, 1967.

Ross H. Sidney, of Des Moines, and W. M. Cornwall, of Spencer, for appellants.

Fitzgibbons & Fitzgibbons, of Estherville, for appellee.

Larson, J.—By action in equity plaintiff seeks contribution from defendants for one half of plaintiff's expenditures incident to settlement of a lawsuit. Plaintiff claims that in the accident giving rise to the expenditures defendants Nelson were joint tort-feasors and resultantly liable for contribution. One aspect of the case was before us in Pedersen v. Bring, 254 Iowa 288, 117 N.W.2d 509. We there held that the instrument entitled "Covenant Not To Sue" was not, as a matter of law, such a full release as to release others claimed to be liable.

The background factual situation in the present controversy is quite involved but not in material controversy. We will refer to the parties originally involved as Freeman, Bring, Pedersen and Nelson.

National Farmers Union Property and Casualty Company, plaintiff herein, was Bring's insurance carrier. For convenience, we shall refer to plaintiff as Bring. Iowa Home Mutual Casualty

Company, originally one of the defendants, is Nelson's insurance carrier.

The Nelsons are named as defendants and, although their insurance company on motion has been removed, apparently the controversy is actually between insurance companies.

On September 27, 1957, Freeman was driving west on Highway 9 in Emmet County. Bring was behind Freeman traveling in the same direction. While in a no-passing zone Bring attempted to pass Freeman.

The Pedersen car was approaching from the west. Eleanor Dorr was a passenger in the Pedersen car. Mrs. Nelson, with her children as passengers, was following Pedersen. In avoiding a collision with Bring, Pedersen applied the car brakes, left the highway and came to a stop on the shoulder. Nelson was also forced off the highway and collided with (rear-ended) Pedersen. Injuries, damage and lawsuits resulted. Mrs. Dorr sued Bring. This action was subsequently dismissed. The Nelsons sued Bring. Pedersen sued Bring, and in this action Bring cross-petitioned against Freeman and Nelson.

Prior to the commencement of any of these actions the Nelsons had obtained a covenant not to sue from Pedersen for the nominal amount of $79.12. This was the instrument before us in 254 Iowa 288. Mrs. Pedersen later claimed this instrument was obtained by fraud and misrepresentation and she refused to cash the draft tendered by the insurance carrier.

On motion, the Nelson case was transferred from Pocahontas County to Emmet County and consolidated with the Pedersen case. Thereafter, when these cases were ready for trial, a settlement was effected with Arlene Pedersen for the total sum of $20,000 wherein Bring, through her insurance carrier, the National Farmers Union Property and Casualty Company, paid the sum of $19,250, and Freeman, through his insurance carrier, contributed the sum of $750. Demand was made upon the Nelsons and their insurance carrier to contribute to said settlement, which demand was refused. The case of the Nelsons against Bring remained for trial.

Thereafter, the insurance carrier of Bring, National Farmers Union Property and Casualty Company, the plaintiff in this

case, commenced suit against the Nelsons in equity for contribution, claiming they were joint tort-feasors. Following the commencement of the action now before this court, the case of Nelson v. Bring was tried and resulted in verdicts in favor of the defendant. Following said verdicts, the plaintiff herein filed an application for the adjudication of law points. Plaintiff was given judgment against these defendants for one half of the total amount of the settlement and all expenses and attorney fees incurred in connection therewith.

This appeal is from the judgment granted plaintiff as against these defendants on an application to adjudicate law points, said judgment being in the amount of $11,639.25, with interest thereon at five percent from March 9, 1963, and for the costs of this action.

As indicated, supra, the case of Nelson v. Bring resulted in verdicts in favor of defendant Bring. In connection with those verdicts, five special interrogatories submitted to the jury were answered as follows:

"SPECIAL INTERROGATORIES

"(1) Did the plaintiff Mavis I. Nelson establish by the burden of the proof that she was not guilty of contributory negligence? Yes ............ No .....X.....

"(2) Did the plaintiff Mavis I. Nelson establish that she was not following the Pedersen car too closely immediately prior to the accident? Yes ............ No .....X.....

"(3) Was the plaintiff Mavis I. Nelson keeping a proper lookout immediately prior to the accident? Yes ............
No .....X.....

"(4) Did the plaintiff Mavis I. Nelson have control of her vehicle immediately before the accident? Yes ............
No .....X.....

"(5) Was the plaintiff Mavis I. Nelson operating her vehicle at a speed that would permit her to bring the same to a stop within the assured clear distance ahead? Yes ............
No .....X..... "

Defendants in the action now before us demanded trial by jury on several alleged factual issues. Pursuant to plaintiff's application for adjudication of law points, a pretrial conference

was ordered and held. The court reviewed the background, numerous exhibits offered incident to the original lawsuits, and the oral testimony, including testimony as to plaintiff's expense incident to settlement of the Pedersen-Bring case. Objections to the propriety of the proceeding were continually made by defendants.

In spite of defendants' many requests for a jury trial on issues of fact, the trial court ruled on plaintiff's application for adjudication of law points and held plaintiff entitled to contribution from defendants in an amount equal to one half of the sum paid in settlement plus one half of the costs and expenses in the Pedersen-Bring case, together with interest and costs.

Defendants have appealed.

I.  Defendants claim the trial court erred in entering judgment for contribution upon plaintiff's application for separate adjudication of law points. They claim that there were fact issues yet to be determined by a jury. We agree.

Rule 105, Rules of Civil Procedure, says: "The court may in its discretion, and must on application of either party, made after issues joined and before trial, separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case. It shall enter an appropriate final order before trial of the remaining issues, adjudicating the point so determined, which shall not be questioned on the trial of any part of the case of which it does not dispose. If such ruling does not dispose of the whole case, it shall be deemed interlocutory for purposes of appeal."

In ruling on the application for adjudication of law points, only uncontroverted issues which present points of law may be determined. Unresolved factual issues prevent any judgment or determination of the whole case in such a hearing. If there was controversy as to the controlling facts here, the court's contribution judgment was not within the scope of rule 105, Rules of Civil Procedure. Brandt v. Olson, 190 F. Supp. 683 (1961).

Appellants maintain the vital fact issue, unresolved at the time of this hearing, was whether Nelson was liable to Pedersen, that actionable negligence, which includes freedom from contrib-

utory negligence of the injured party, is a necessary prerequisite to a suit for contribution, and until there was either a finding Nelson was liable to Pedersen, i.e., that Nelson was proximately negligent as to Pedersen and that Pedersen was not guilty of contributory negligence, or an admission of liability, which there was not, there could be no valid contribution judgment entered in this hearing. Appellants demanded a jury at all times.

Appellee, on the other hand, maintained the issue as to Nelson's negligence in this matter has been established in the Nelson v. Bring case, and contends that Nelson and Bring, being joint tort-feasors, are jointly liable to the injured third party Pedersen, that the issue of Nelson's negligence is res judicata, and that contribution is an equitable matter which can and should be determined by the court on a record such as this and where the reasonableness of the settlement was well established therein.

Appellants maintain the parties are not joint tort-feasors, but at best would only be concurrent tort-feasors, that their liability as well as appellee's has not been legally established, and that the reasonableness of the amount claimed as contribution is also a question of fact, that if appellee was not a volunteer, the liability of each should be determined by a jury before they can be called concurrent tort-feasors who are entitled to equitable contribution.

■ II. Plaintiff has the burden of establishing a right to contribution. Hawkeye-Security Ins. Co. v. Lowe Construction Co., 251 Iowa 27, 32, 99 N.W.2d 421; Mineke v. Fox, 256 Iowa 256, 263, 126 N.W.2d 918.

■ III. One seeking contribution must admit or prove his own actionable negligence to the third party injured. Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 107 N.W.2d 682. In the instant case plaintiff admits negligence of its insured driver.

■ IV. Actionable negligence and liability to the injured third party on the part of the party from whom contribution is sought must be established. Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23, 60 A. L. R.2d 1354. "Contribution is based on *concurrent negligence* of the parties toward the injured party *and*

*requires common liability."* (Emphasis supplied.) Iowa Power and Light Co. v. Abild Construction Co., 259 Iowa 314, 322, 144 N.W.2d 303, 308. We find this statement in 18 Am. Jur.2d, Contribution, section 47, page 66: "The principle followed generally, where contribution is allowable among tort-feasors either at common law or under statute, is that in order for the right of contribution to accrue among tort-feasors they must be joint wrongdoers in the sense that their tort or torts imposed a common liability upon them to the person or persons injured. The true test of the right to contribution among tort-feasors is deemed to be common liability to the injured person, rather than joint, common, or concurring negligence."

Here the several injuries for which recovery was sought in separate actions resulted from the collision between the Pedersen and Nelson vehicles. True, in a separate action tried to a jury Nelson was denied recovery from Bring and therein he was found guilty of negligence in four separate particulars. As between the parties Nelson and Bring, Nelson's negligence which resulted in the collision between his vehicle and the Pedersen car was established, and recovery for his damage was properly denied. But there has been no determination as to Nelson's liability to Pedersen, nor as to whether Pedersen's negligence was a contributing cause of the collision between those vehicles. Nowhere in the record before us is there any proof that Pedersen was not contributorially negligent. To establish liability in Nelson, that must be proven. It is on this issue that defendants contend they have been denied their day in court. Joint liability here must, therefore, depend on whether, as between Nelson and Pedersen, Nelson was liable, or whether plaintiff can prove Nelson's negligence was a proximate cause of Pedersen's injury, or that Pedersen did not in any way contribute to his injury and damage. It is seldom that these issues can be decided as a matter of law, and we think here they were for the jury and could not under these circumstances be determined by the equity court in a proceeding to adjudicate law points. Admittedly, Nelson's negligence as to his relationship with Bring has been established, but it is not established in the Pedersen v. Bring case, nor has it been established anywhere as the proximate cause of Pedersen's dam-

age. The cause should be transferred to the law docket for a jury finding on these issues.

V. It must be conceded in Iowa that one who has had to respond in damages in tort is entitled under proper conditions to indemnity or contribution from another tort-feasor, that there may be contribution among concurrent tort-feasors, and that a party seeking contribution and one against whom contribution is sought each has a right to have a jury trial on issues of fact. Best v. Yerkes, supra, and citations; Brandt v. Olson, supra. In the Brandt case the court said at page 687 of 190 F. Supp.: "Where a tort-feasor has made settlement of, or paid, a judgment arising out of a tort claim and then brings an action for indemnity or contribution, the claim has become choate and the action is one in which the one seeking indemnity or contribution is the plaintiff and the one against whom it is sought is the defendant and no cross-claim is involved. In cases such as the present one, which is of the type most usually encountered, it has not as yet been determined whether the defendants are in fact under any liability to the plaintiff." The court held therein that defendants were entitled to jury trial as to any submissible issue of fact in connection with their claim for indemnity or contribution against a third-party defendant, and that in third-party claims for contribution or indemnity it is the duty of a jury to find facts and the duty of the court to determine the right to indemnity or contribution in accord with equitable principles based upon findings of fact by the jury. We concur in that pronouncement.

The action before us was brought in equity, but upon defendants' request for a jury trial on the question of Nelson's liability to Pedersen, the court should have refused at that time to pass on the contribution issue. In fact, the only question it could rightly determine at that time was whether the negligence established in Nelson v. Bring was res judicata as to the case of Pedersen v. Bring, or that it established Nelson's liability for Pedersen's damages. Clearly it did neither.

For the application of the res judicata doctrine we have often said that the parties must be the same or must be in privity, and it must be the same cause of action and involve the same

issues. See Stucker v. County of Muscatine, 249 Iowa 485, 87 N.W.2d 452, where privity was shown, and Reardon v. Allen, 88 N. J. Super. 560, 213 A.2d 26; 50 Iowa Law Review, No. 1, pages 27, 60, and citations.

Appellee argues the determination of Nelson's negligence in the collision of his vehicle with the Pedersen car, in the Nelson v. Bring case, was res judicata of that vital issue necessary to establish Nelson a joint tort-feasor and thereby liable to Pedersen. In Trustees of Green Bay Levee and Drainage District etc. v. Alexander, 252 Iowa 801, 807, 108 N.W.2d 593, we quoted from 30A Am. Jur., Judgments, section 324, as follows:

"The doctrine of res judicata * * * is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." It may thus exist "as a bar to relitigation of particular facts or issues in a different cause of action" between the same parties or their privies.

However, it is evident the cases of Nelson v. Bring and Pedersen v. Bring are not between the same persons or persons in privity, nor are the issues the same. Each of those actions involve a separate question of contributory negligence due to the acts of different parties plaintiff. Of course, the contribution case at hand involves only Nelson and Bring and the issue presented is one of contribution, not the respective liabilities of the parties. The issues of their respective liabilities are disputable fact issues, and indeed it would seem both liability issues as to Nelson and as to Bring had not previously been legally determined. Even if it be held one joint tort-feasor could admit liability and settle liberally, and then obtain contribution from another found liable to the injured third party, there is nothing shown here to establish anything more than negligence of the parties involved in the collision which resulted in third-party damage, and we cannot hold this alone is sufficient to establish legal liability of the defendants' and plaintiff's right of equitable contribution. Certainly a decision in Nelson v. Bring would in no way bar an action to establish liability for damages between

Pedersen and Nelson. Furthermore, the duty Nelson owed to Pedersen is not necessarily the same duty he owed to Bring in these circumstances. In any event we do not believe the doctrine of res judicata is helpful to sustain the judgment of contribution here.

Only *after* a determination of Nelson's liability to Pedersen could the court pronounce the rights of contribution of the parties in accord with the applicable equitable principles previously enunciated by us. Best v. Yerkes, supra, 247 Iowa 800, 77 N.W. 2d 23. Also see on these matters Constantine v. Scheidel, 249 Iowa 953, 90 N.W.2d 10, where joint liability was factually determined by the court, and Hawkeye-Security Ins. Co. v. Lowe Construction Co., supra, 251 Iowa 27, 32, 99 N.W.2d 421, 425. In the Hawkeye case we said: "There is no merit to the ground of defendant's motion that plaintiff's action would deprive defendant of a jury trial on the Leyendecker [injured party] claims. It has the same right to a jury trial on these claims as if the action had been brought against it by the original claimants. Although it is not shown plaintiff demanded a jury trial, defendant may do so according to rule 177, Rules of Civil Procedure."

We must, therefore, conclude defendant Nelson here demanded and had the right to have his liability to Pedersen, and thus to Bring and plaintiff herein, determined by a jury prior to the court's decision on the question of equitable contribution. True, what is an equitable contribution may be and often is a question that may be decided by the court alone, and may include a proper proportion of the settlement expense. Daniel v. Best, 232 Iowa 785, 5 N.W.2d 149; Rauch v. Senecal, 253 Iowa 487, 491, 112 N.W.2d 886. For a good statement of the applicable rule, see Inhabitants of Westfield v. Mayo, 122 Mass. 100, 109, 23 Am. Rep. 292, 298.

VI. In view of our conclusion that fact issues, properly pointed out by defendants, appear and that defendants have requested a jury trial thereon, we must reverse the trial court and remand the cause with instructions that it be transferred to the law docket for a jury trial thereon. Of course, should it be then determined that Nelson was liable as a concurrent tort-feasor, the court might find plaintiff was not a volunteer and

grant contribution in accord with equitable principles previously recognized by this court. In the light of this holding and the necessity for further proceedings, other questions raised need not be now considered.—Reversed and remanded.

THORNTON and MOORE, JJ., concur.

BECKER, RAWLINGS and MASON, JJ., concur specially.

STUART, J., and GARFIELD, C. J., concur specially.

SNELL, J., dissents.

BECKER, J. (concurring specially)—I concur except for those portions of the majority opinion which would require common liability as distinguished from common fault plus proximate cause, freedom from contributory negligence and damages. See dissent in Iowa Power and Light Co. v. Abild Construction Co., 259 Iowa 314, 144 N.W.2d 303, it being conceded, however, the majority opinion in Iowa Power and Light Co. v. Abild Construction Co., supra, is binding on the trial court in this case.

RAWLINGS and MASON, JJ., join in this special concurrence.

STUART, J. (concurring specially)—I concur in the majority opinion except that I believe Nelson's negligence has already been determined in the case of Nelson v. Bring.

GARFIELD, C. J., joins in this special concurrence.

SNELL, J.—I respectfully dissent. I think a remand under the conditions outlined will give to a new jury a second guess on matters that have been determined.

Common liability has been established. Bring's negligence is admitted. Nelson's negligence has been established by a jury's answers to special interrogatories. In that action Mrs. Nelson and the children in the car sought recovery. Mrs. Nelson's negligence would not be imputed to the children. In denying the claim of the children it necessarily follows that the jury found the proximate cause to be Mrs. Nelson's negligence.

Nowhere in the record is there any suggestion of any negligence on the part of Pedersen that would bar recovery from either Bring or Nelson.

The question as to whether Bring or Nelson was more negligent is of no importance.

In Iowa we do not consider comparative negligence. The relative negligence of Bring and Nelson is not an issue. Each had been found negligent. As a matter of law there was a common liability. For common liability concurring tort-feasors need not be in pari delicto as between themselves. See Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386.

The right to contribution may rest upon settlement of litigation. It is not limited to payment of a final judgment. Hawkeye-Security Insurance Co. v. Lowe Construction Co., 251 Iowa 27, 35, 99 N.W.2d 421. The negotiated settlement must be fair, reasonable and just. Loc. cit. 32. This does not mean that in a later action for contribution there is a right to a jury trial to determine how much the injured party might have recovered. The amount of recovery has been established by agreement. Settlements are recommended and favored by the law. The reasonableness of the settlement was for the court and not for second-guessing by a subsequent jury.

The reasonableness of the settlement is not seriously disputed. Negligence and liability were apparent. The injuries were serious, recovery was slow, and the special damages were large in amount. From the premise of defense against Mrs. Pedersen's claim the psychology was bad. She was a comparatively young widow, a schoolteacher and the sole support of two children. It was suggested that she would be brought to the courtroom on a stretcher. The financial exposure was great.

I think there is such privity of parties as necessary to support this action.

Nelsons sued Bring and the case was tried to a jury. The question of Nelson's negligence was decided. Bring's insurance carrier, standing in the shoes of Bring, now sues Nelsons. The parties are in privity. The parties are reversed and the causes of action are not the same but the same parties are interested and the issues are essentially the same, i.e., who was negligent.

The essential elements for contribution have been established. I find no reason to approve relitigation of the particular facts or issues. Stucker v. County of Muscatine, 249 Iowa 485,

176

87 N.W.2d 452; Hoskins v. Hotel Randolph Co., 203 Iowa 1152, 211 N.W. 423, 65 A. L. R. 1125; Radmacher v. Cardinal, 264 Minn. 72, 117 N.W.2d 738; Lustik v. Rankila, 269 Minn. 515, 131 N.W.2d 741.

The practical value of the right to contribution is greatly diminished by the majority opinion. Except where common liability is admitted or has been established by jury verdict in the same lawsuit a retrial of all issues inherent in damage actions will be required.

Except for the allowance of attorney fees included in the trial court's judgment I would affirm.