**Robert STOWE, Plaintiff,**

v.

**Rhoda WOOD d/b/a Bell Motel, Appellant,**

v.

**Nick NETZEL and Nellie Netzel, Appellees.**

**No. 55003.**

Supreme Court of Iowa.

June 29, 1972.

Laird, Burington, Bovard & Heiny, Mason City, for appellant.

Johnson, Burnquist & Erb, Fort Dodge, for appellees.

LeGRAND, Justice.

This appeal presents a single question: Is Rhoda Wood entitled to contribution

from Nick Netzel and Nellie Netzel in satisfying a judgment for personal injuries recovered by plaintiff against her? The trial court held she was not, and we affirm.

We relate the facts which set the stage for the dispute we are now asked to resolve. In 1965 Rhoda Wood entered into a lease with Nick Netzel and Nellie Netzel for the operation of The Bell Motel in Mason City. Since the relationship of the parties under that instrument is ultimately determinative of this appeal, we identify them as they are designated there. We hereafter refer to Rhoda Wood as lessee and to Mr. and Mrs. Netzel as lessor.

In 1967 plaintiff, who is not a party to this appeal, was a guest at the motel. In going to his room, he slipped on ice and snow which had accumulated on the sidewalk, fell through a glass door and sustained serious injuries to his hand and arm. He sued the lessee only, who then brought the lessor into the case in a cross-petition asking indemnity or, in the alternative, contribution. No claim for indemnity is now made and lessee asserts here only a right to contribution from lessor.

Plaintiff obtained a judgment for $35,000 against lessee. No appeal was taken from that judgment; and plaintiff has departed the scene, leaving the battleground to the disputants over contribution.

In addition to the general verdict, the jury answered a number of special interrogatories establishing the facts upon which this appeal depends. They are: improper and negligent design and construction of the motel roof allowed snow and ice to collect and accumulate at the motel entrance; this negligence was a proximate cause of the injury; construction of the roof did not meet "accepted standards of the architectural profession"; and the slippery condition leading to plaintiff's fall was caused not alone by dripping from the roof and freezing but by a combination of this factor and natural conditions. Of course, the general verdict established lessee's failure to remove ice and snow from the walk as negligence which was a proximate cause of the accident.

Since there is no appeal from the judgment for plaintiff, we take as fixed the fact that both lessor and lessee were guilty of negligence which was a proximate cause of plaintiff's injuries. Under such circumstances plaintiff, had he elected to sue both, could have secured judgment against both; but that does not settle the rights of these tort-feasors as between themselves.

■ No issue is made of the right of parties held liable to a plaintiff because of their common liability to compel contribution from each other. That has been established in our law since Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354. But lessor argues lessee is not entitled to it in *this* case because of the relationship of the parties under their 1965 lease. Before reaching the decisive lease provisions, we set to rest a collateral matter arising under that instrument—the effect of insurance coverage. We believe this to be immaterial, but we mention it briefly because lessee argues it at length and apparently still believes it formed the basis for the trial court's adverse decision.

The lease required lessee to effect liability insurance "covering possible claims arising against her." Lessor argued in the trial court this was intended to protect him also and therefore no contribution should be allowed because the insurance carrier would be obligated to pay the judgment under this policy in any event.

■ The trial court held the insurance clause did not inure to lessor's benefit, and lessor does not appeal from that ruling. That should dispose of the issue, although lessee persists in arguing it as a ground for reversal. The ruling was in lessee's favor. The trial court clearly ruled it was not a ground for the relief granted and lessee has nothing to appeal from as far as this issue is concerned.

This brings us to two lease provisions upon which this case turns. One relates to lessee's duty, which we have already referred to, but which we set out in full here:

"MAINTENANCE: The Lessee shall mow the grass in the lawn adjacent to the buildings herein demised and used in connection with them. It shall further be her obligation to remove snow from sidewalks during the term of this lease."

The other fixed the liability of the lessor concerning repairs:

"REPAIRS TO BUILDINGS: The Lessors agree to make any necessary structural building *repairs* or other major *repairs* that may be required during the term of this Lease. Outside maintenance and painting shall also be paid by Lessors, including labor and materials. * * * Minor repairs shall be paid for by the Lessee." (Emphasis added.)

The trial court held lessee's violation of the snow removal provision (established by the jury verdict) was a violation of an independent contractual duty lessee owed lessor which would have entitled lessor to indemnity from lessee if plaintiff had obtained a judgment against lessor in this case. This, the trial court held, rules out a claim for contribution by lessee against lessor. We explained and discussed the grounds for indemnity in Iowa Power and Light Company v. Abild Construction Company, 259 Iowa 314, 322, 144 N.W.2d 303, 308 (1966). See also Ke-Wash Company v. Stauffer Chemical Company, 177 N.W.2d 5, 9 (Iowa 1970); Peters v. Lyons, 168 N.W.2d 759, 766–768 (Iowa 1969); National Farmers Union Property and Casualty Company v. Nelson, 260 Iowa 163, 170, 147 N.W.2d 839, 843 (1967).

■ One of the grounds for allowing indemnity in Abild is given as "breach of an independent duty running from the employer to the third party." We have since recognized this "independent duty" is not limited to fact situations involving workmen's compensation cases. Ke-Wash Company v. Stauffer Chemical Company, supra, 177 N.W.2d at 9; Hawkeye-Security Insurance Co. v. Ford Motor Co., 174 N. W.2d 672, 675 (1970); Peters v. Lyons, supra, 168 N.W.2d at 767. See also Epley v. S. Patti Construction Company, (S.D.D. C.1964), 228 F.Supp. 1, 5 and 52 I.L.R. 31, 39 (1966) Distributing Tort Liability: Contribution and Indemnity in Iowa.

■ We agree with the trial court that lessee's breach of the lease provision would, under our decisions, afford lessor indemnity if he had been compelled to pay plaintiff's damages. He wasn't; but lessor's right to indemnity is nevertheless important because it operates to bar lessee's claim to contribution since one who must indemnify another cannot at the same time claim contribution from that person.

We therefore affirm the trial court unless lessee's answer to the rationale of the decision successfully rebuts the conclusion reached. Lessee insists her violation of the lease does not defeat her right to contribution because the lessor also violated a duty under the lease running to *her*. It is argued contribution should therefore be decided according to general rules without reference to the lease. The validity of this theory, of course, depends on whether lessor *did* violate the repair provision of the lease heretofore set out.

We say he did not. The negligence found by the jury in its answers to the special interrogatories relates to design and plan. The roof is claimed to have been architecturally improper when built. This is something which could not be corrected by repair; it would require alteration or reconstruction. Repair means "to mend, remedy, restore, renovate, to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Black's Law Dictionary, Revised Fourth Ed., page 1462.

In that same volume appears this explanatory note: "The word 'repair' contem-

plates an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed as near as may be."

We adopted this definition approvingly in City of Le Mars v. Fisch, 251 Iowa 149, 151, 100 N.W.2d 14, 16 (1959). Support for it may also be found in Baldozier v. Mayberry, 226 Iowa 693, 696, 285 N.W. 140, 141 (1939) and Fuchs v. City of Cedar Rapids, 158 Iowa 392, 396–397, 139 N.W. 903, 904 (1913). See also footnote in Brammer v. Allied Mutual Insurance Company, 182 N.W.2d 169, 173 (1970).

 We hold lessor's agreement to make repairs does not obligate a basic change in design or construction. As pointed out in City of Le Mars v. Fisch, supra, that would be rather an alteration, which is a "variation, changing, making different; a change of a thing from one form or state to another; a change or substitution in a substantial particular of one part of the building; an installation that * * * changes its structural quality; a substantial change therein."

■ We hold the trial court correctly found lessee's violation of her independent contractual duty to lessor created a right of indemnity against her if plaintiff had secured a judgment against lessor. We agree, too, that lessee is thereby precluded from successfully claiming contribution from lessor.

■ Lessee does not challenge the trial court's right to determine this as a matter of law. The general rule is that issues of fact in such cases should be submitted to the jury with the court then determining the right to indemnity or contribution based upon the findings made by the jury. National Farmers Union Property and Casualty Company v. Nelson, 260 Iowa 163, 171, 147 N.W.2d 839, 844 (1967). The parties were apparently considering the lease provisions as a matter of construction (the legal effect of the contract) rather than interpretation (the meaning of the language used). Our review has been limited accordingly. However, see discussion in Brammer v. Allied Mutual Insurance Company, supra, 182 N.W.2d at 172 and dissent at page 175.

For the reasons heretofore given the judgment of the trial court is affirmed.

Affirmed.

All Justices concur, except MASON and McCORMICK, JJ., who take no part.